```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

SHEILA A. KELLEY,              )
                               )
            Plaintiff,         )
                               )
v.                             )    Case No. CIV-12-139-RAW-KEW
                               )
CAROLYN W. COLVIN, Acting      )
Commissioner of Social         )
Security Administration,       )
                               )
            Defendant.         )

### REPORT AND RECOMMENDATION

Plaintiff Sheila A. Kelley (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on September 9, 1959 and was 50 years old at the time of the ALJ's decision. Claimant obtained her GED. Claimant has worked in the past as a trimmer, furniture assembler, machine packager, and order filler. Claimant alleges an inability to work beginning June 1, 2001 due to limitations resulting from

pain caused by TMJ, as well as pain in Claimant's right arm and leg, right side, left hand, and lower back and neck.

## Procedural History

On March 9, 2009, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On July 27, 2010, an administrative hearing was held before ALJ Michael Kirkpatrick in Fort Smith, Arkansas. On August 16, 2010, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on January 27, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform her past relevant work.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to

4

fully and fairly develop the record; (2) failing to conclude that Claimant's TMJ was a severe impairment; (3) engaging in an improper credibility analysis; (4) reaching an improper RFC determination; and (5) making findings at step four which are not supported by substantial evidence.

**Duty to Develop the Record**

In his decision, the ALJ divided his findings between Claimant's Title II and XVI claims. Under Title II, the ALJ determined Claimant suffered from the medically determinable impairment of temporomandibular joint disorder ("TMJ") but concluded the impairment was not severe prior to the date last insured. (Tr. 28). Under Title XVI, the ALJ found Claimant suffered from the severe impairment of major depressive disorder. (Tr. 31). The ALJ concluded that Claimant retained the RFC to perform a full range of work at all exertional levels but with the nonexertional imitation that she can understand, remember, and carry out both simple unskilled tasks and detailed semi-skilled tasks but not complex skilled tasks. (Tr. 32). He also found Claimant could perform her past relevant work as a trimmer, furniture assembler, machine packager, or order filler. (Tr. 34).

Claimant contends the ALJ did not adequately develop the record by failing to obtain medical source statements from the

5

consultative examiners, failing to order an examination by a dentist or oral surgeon since her alleged impairment of TMJ involved these specialties, and failing to explore further whether Claimant suffered from Tic Doloreaux as described by on examiner.

The ALJ obtained a consultative psychological examination from Dr. Theresa Horton on May 19, 2009.  Claimant exhibited logical, organized, and goal directed thought processes.  She presented with significant suicidal ideations with no attempts.  Claimant had not history of hallucinations or history of feeling as though others are watching, judging, or conspiring against her.  Her mood was predominantly depressed, rated by Claimant as 3 out of 10.  He affect was noted as congruent and restricted.  Dr. Horton diagnosed Claimant with Major Depressive Disorder, Recurrent, Severe.  She found Claimant to be capable of understanding, remembering and managing simple and complex instructions and tasks while adjusting into social and occupational settings.  Claimant made significant complaints of TMJ and other chronic pain which Dr. Horton felt impeded her ability to function.  (Tr. 286-87).

On June 3, 2009, Claimant was also evaluated by Dr. Ronald Schatzman.  Dr. Schatzman found no point tenderness, no edema, and normal grip strength.  Claimant was able to perform both gross and fine tactile manipulation, finger to thumb opposition was adequate,

knees showed no effusion or edema and were stable in all range of motion exercises. Claimant's great toe strength was equal bilaterally, heel/toe walking was normal, tandem gait was within normal limits, leg lengths were equal bilaterally. Claimant's cervical, thoracic, and lumbar spinal areas were non-tender with full range of motion. Straight leg raising reflex was normal. She was awake, alert, and oriented x 3 and her thought processes appeared normal. Her gait was safe and stable with appropriate speed. Dr. Schatzman diagnosed Claimant with possible Tic Doloreaux, TMJ problems, back pain by history with normal exam and a questionable mammogram. (Tr. 290).

Claimant's first premise - that an ALJ must obtain a medical source statement from each consultative examiner - is not supported by the regulations. The regulations provide that

(b) Medical reports should include –

\* \* \*

(6) A statement about what you can still do despite your impairment(s) based on the acceptable medical source's findings on the factors under paragraphs (b)(1) through (b)(5) of this section (except in statutory blindness claims). **Although we will request a medical source statement about what you can still do despite your impairment(s), the lack of the medical source statement will not make the report incomplete.**

20 C.F.R. § 404.1513(b)(6)(emphasis added by this Court).

The ALJ did not violate his duty to develop the record by

7

failing to obtain a medical source statement from Drs. Horton and Schatzman.

With regard to ordering additional testing for TMJ or the possibility of Tic Doloreaux, the burden to prove disability in a social security case is generally on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). Further, the "ALJ has a basic duty of inquiry, 'to inform himself about facts relevant to his decision and to learn the claimant's own version of those facts.'" Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The ALJ is required to ask enough questions to ascertain "'(1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'" Id. Additional testing and consultative evaluation may be required if the medical evidence is in conflict or is inconclusive. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997); 20 C.F.R. § 404.1519a(b)(4).

In this instance, Claimant underwent TMJ surgery in 1998 and her treating physician, Dr. William Curry noted that the surgery was successful. In October of 2001, he found that there was no apparent damage to Claimant's temporomandibular joints directly and no further treatment was indicated. (Tr. 250). At no time were restrictions or limitation upon Claimant engaging in work-related activity imposed by a medical professional. Without such evidence, nothing in the record would have suggested that the ALJ was under an obligation to obtain a consultative examination specific to TMJ. Additionally, other than the single reference in Dr. Schatzman's report, Tic Doloreaux is not suggested by any other professional. Moreover, the clinical findings from Dr. Schatzman's examination do not suggest that the condition, if it exists, affects Claimant's ability to engage in work-related activity. As a result, this Court concludes the ALJ fulfilled his duty to develop the record.

**TMJ as a Severe Impairment**

Claimant contends the ALJ should have determined her TMJ to be a severe impairment. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

9

laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." <u>Williams v. Bowen</u>, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet the presence of a medical condition alone is not sufficient at step two. <u>Hinkle v. Apfel</u>, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve

or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20 C.F.R. § 416.927(a)(1).

As this Court has already set forth, no evidence suggests in the record that Claimant's TMJ does not more than minimally affect her ability to work. The record does not indicate Claimant's condition was of sufficient severity to warrant pain medication as late as June 19, 2009. (Tr. 288). The ALJ did not err in his findings with regard to this condition.

### Credibility Determination

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

The ALJ found inconsistencies in Claimant's testimony. In particular, Claimant testified she took narcotic pain medication but told the consultative examiner she had not taken the medication since 2005. (Tr. 34). The ALJ also found Claimant's description of the pain to be out of proportion to the medical record so as to be implausible. Id. The ALJ's credibility analysis comports with the regulations and is not erroneous.

**RFC Determination**

Claimant first contends the ALJ did not include her TMJ and related pain and problems in his RFC analysis. This Court has found no error in the finding that Claimant's TMJ was not a severe impairment. The ALJ's analysis of Claimant's credibility with regard to her pain is not erroneous.

12

Claimant also asserts the ALJ "drastically understated" her mental impairments. Claimant references the mental RFC assessment of Dr. Patricia Walz completed August 30, 2010. In her functional evaluation, Dr. Walz found Claimant had "extreme" limitations in the functions of relating to co-workers, interacting with supervisors, dealing with work stresses, maintaining regular attendance, completing a normal workday, completing a normal workweek, performing at a consistent pace, performing without an unreasonable number or length of rest periods, and avoiding undue constriction of interests. (Tr. 339-40). Dr. Walz estimated the same level of severity existed since approximately 2001. (Tr. 342). The report is dated 14 days after the date of the ALJ's decision. It became a part of the record before the Appeals Council. (Tr. 5). The regulations permit the submission of evidence to the Appeals Council if it is new, material, and related to the period on or before the date of the ALJ's decision. Chambers v. Barnhart, 389 F.3d 1139, 1142 (10th Cir. 2004). It is assumed that the evidence meets the criteria if the Appeals Council accepts the evidence. Krauser v. Astrue, 638 F.3d 1324, 1328 (10th Cir. 2011). If the new evidence relates to the relevant period, the ALJ must be given an opportunity to consider it. Id. at 1329. Since Dr. Walz specifically stated the limitations set forth in her report related back to 2001, this case must be remanded for consideration of the report's content.

## Step Four Analysis

In analyzing Claimant's ability to engage in his past work at step four, the ALJ must assess three phases. In the first phase, the ALJ must first determine the claimant's RFC. <u>Winfrey v. Chater</u>, 92 F.3d 1017, 1023 (10th Cir. 1996). The ALJ's RFC is supported by substantial evidence. The RFC may change, however, once the ALJ considers Dr. Walz's report.

In the second phase, the ALJ must determine the demands of the claimant's past relevant work. <u>Id</u>. In making this determination, the ALJ may rely upon the testimony of the vocational expert. <u>Doyal v. Barnhart</u>, 331 F.3d 758, 761 (10th Cir. 2003). The questioning of the vocational expert may change with the consideration of Dr. Walz's report.

The third and final phase requires an analysis as to whether the claimant has the ability to meet the job demands found in phase two despite the limitations found in phase one. <u>Winfrey</u>, 92 F.3d at 1023. Until Dr. Walz's report is considered, this third phase remains subject to debate.

On remand, the ALJ shall re-evaluate the step four findings after considering Dr. Walz's report.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not

14

applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.  The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE